UNITED STATES of America,

v.

Ronald J. PERHOLTZ, Franklin W. Jackson, Gregory W. Fletcher, Lloyd E. Root, Jr.

Crim. A. No. 85-255.

United States District Court, District of Columbia.

Feb. 18, 1986.

See also 622 F.Supp. 1253.

Joseph Valder, Brian Murtagh, Asst. U.S. Attys., Washington, D.C., for the U.S.

Leigh Manasevit, Washington, D.C., Steven Schaars, Springfield, Va., for defendant Perholtz.

John F. Conroy, Washington, D.C., for defendant Jackson.

William L. Gardner, William F. Patterson, Washington, D.C., for defendant Fletcher.

Stephen P. Clark, Carol Ann Petren, Washington, D.C., for defendant Dillon.

Edward F. Canfield, Larry S. Gondelman, Thomas R. Dyson, Washington, D.C., for defendant Root.

## MEMORANDUM AND ORDER

GESELL, District Judge.

The United States having completed its case-in-chief, the Court now has before it the motions by each defendant for judgment of acquittal, and, alternatively, motions by defendants Fletcher and Root for severance. Once again the Court recognizes that defendants have joined each other's similar motions and incorporated each other's arguments to the extent they are relevant to the charges against them. After full consideration in the light of the evidence presented by the United States, the Court determines that all defense motions must be denied for reasons stated below.

### RICO and Related Counts

Factual and legal contentions urging acquittal are advanced as to defendants Perholtz and Jackson who are named in counts One through Five. However, the Court finds that, "giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *Curley v. United States*, 160 F.2d 229, 232 (D.C.Cir.1947), *cert. denied*, 331 U.S. 837, 67 S.Ct. 1512, 91 L.Ed. 1850 (1947).

■ It is clear the United States has met its burden as to the two racketeering counts and the related three mail fraud counts with which these two are charged. A great deal of direct and circumstantial evidence has been presented demonstrating that Perholtz and Jackson each agreed and conspired to engage in a pattern of illegal activity that involved bribery, mail fraud, misrepresentation, concealment, and receiving illegal payments in connection with federal procurements.

Technical legal arguments involving the proper interpretation of the RICO statute are also urged. 18 U.S.C. §§ 1961–1968. The Court rejects defendants' argument that the evidence is not sufficient to establish an "enterprise" within the meaning of the statute. *Id.* § 1961(4). The indictment charges that the enterprise consisted of the defendants, other conspirators, partnerships and corporations which the defendants and their coconspirators controlled or used for the purpose of obtaining unjust enrichment from government contracts for computer services and equipment. A reasonable juror could conclude from the evidence that the members of the enterprise were all linked together by a network of contracts, transactions and pay-offs orchestrated and organized by defendant Perholtz with the knowing and willful participation and assistance of others. The interlocking nature of the schemes and the overlapping nature of the wrongdoing provides sufficient evidence for the jury to conclude that this was a single enterprise that started with the alleged conspiracy of Perholtz, Jackson and Gentile and added or dropped members over time as the scheme became more complex and expansive.

The Court need not address the question of whether RICO covers situations where the enterprise and the defendants are identical. This is not such a case. The enterprise as charged, and supported by the United States' evidence, supports a finding that besides the defendants the enterprise included other individuals, partnerships and corporations, both legitimate and illegitimate, not all of which were coconspirators. These individuals and entities became associated together to form an organization broader than the individual defendants.

■ The Court also finds it need not address whether the enterprise must be distinct from the pattern of racketeering activity. The "enterprise" and "pattern of racketeering activity" are separate elements of the offense, both of which must be proven. This is a case where the proof used to establish these separate elements coalesces, but proof of one does not necessarily establish the other. *See United States v. Turkette*, 452 U.S. 576, 581, 101 S.Ct. 2524, 2527–28, 69 L.Ed.2d 246 (1981). The enterprise as charged and shown by the evidence had associations and activities broader than the thirty-seven racketeering acts that have been charged. A large number of the contractual and financial arrangements in which the enterprise engaged, even though they may be con-

sidered involved in some way in the same unlawful scheme, were not directly related to the racketeering acts and were, in fact, legal activities of the enterprise.

■ Finally, there is no requirement, as suggested by counsel for defendant Perholtz, that the proof of joining the RICO conspiracy and the proof of the racketeering activity be separate. A defendant may join a racketeering conspiracy and commit a racketeering act at the same time. The evidence in this case suggests that the jury could reasonably find that the defendants conspired, promised the bribe, and then went on to complete the bribery and commit additional racketeering acts pursuant to the conspiracy.

The statute of limitations had not expired as to the Counts Three through Five charging only defendants Perholtz and Jackson with mail fraud at the time of indictment. The offenses became complete with the mailings in September and December 1980 which were within five years of the date of the indictment. 18 U.S.C. § 3282.

■ The Court also rejects the argument that because these mailings were inter-departmental mailings between the Washington and New York Postal Centers, instead of a conventional mailing through a public mailbox, they are not within the mail fraud statute. The statute covers anyone who "places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service." 18 U.S.C. § 1341. The statute is not limited to protecting conventional post-paid mail but is intended to prohibit use of the United States mail to further schemes to defraud as the evidence indicates was done in this case.

■ Finally, whether defendant Perholtz was an officer, employee, or agent of IBS within the meaning of the kickback statute, 41 U.S.C. § 51, is a factual matter for the jury to determine upon appropriate instructions and clearly does not affect the sufficiency of the proof or propriety of the indictment as written.

### Other Mail Fraud Counts

■ All four defendants are named in ten counts of mail fraud, which describe a scheme to defraud the SBA and IBS. The scheme was fully established by direct evidence, without reliance on hearsay. There is ample evidence of concerted action designed to defraud these entities and the active, knowing, willful participation of each defendant directed toward carrying out of the scheme and profiting from its success by diversion of funds and concealment of transactions.

■ Counsel for Root has throughout the pretrial maneuvers and the trial insisted that Root should be severed for separate trial. This claim arises from the fact that the proof as to him is narrower and more limited than that directed against his three co-defendants. He is concerned he will be swept into an unfavorable verdict by the nature of the proof against some or all of the remaining defendants. There is no rule that requires all defendants in a mail fraud scheme to be equally involved before they may be tried together. Rather, at this stage the Court must ascertain only that the evidence of each defendant's involvement is such that the jury can readily isolate and separately consider the proof of each defendant's knowing and willful participation in the alleged scheme. Root is not being charged on a technicality. There is ample direct evidence not only of Root's active participation but of his intentional acts and failures to act, all designed to conceal the fraud from both IBS and SBA. This proof is sufficiently significant, discrete and compartmentalized that there is no prejudice to Root's right to individual consideration by the jury.

Defendant Fletcher's motion for severance also has no merit. His deep involvement in fraudulent procurement practices is amply and repeatedly demonstrated by direct proof. He is not a marginal or minor participant in the scheme.

Any concerns expressed by either Root or Fletcher as to the "spillover" effect of bribery and wrongdoing in connection with the illegality in the ATAP procurement is insignificant given the government's admit-

ted lack of proof indicating that either of these defendants participated in these matters and the fact that it presents a discrete part of the total proof and will not be pressed as part of the mail fraud scheme. Moreover, in spite of proof of IRS fraud by some defendants, the United States will not be present this as a purpose of the mail fraud scheme.

All motions for judgment of acquittal and severance are denied since, as previously stated, the Court finds that the United States has introduced sufficient substantial independent evidence of the existence of each conspiracy and scheme alleged and with respect to each defendant's participation therein. Accordingly, hearsay statements of any coconspirators are now admitted against the defendants as equivalent to their own admissions. *United States v. Jackson,* 627 F.2d 1198, 1219 (D.C.Cir.1980).

### Exhibits

The Court took under advisement objections to Exhibits 419, 429 and 445. The objections to 419 are granted. The objections to 429 and 445 are denied and 429 and 445 will be admitted subject to satisfactory captioning as discussed in open court.

SO ORDERED.